UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL REYES-TORNERO,<br><br>    Petitioner,<br><br>    v.<br><br>M. ELIOT SPEARMAN,<br><br>    Respondent. | No. 1:18-cv-00445-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING HABEAS PETITION AND DIRECTING THE CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 24) |

    Petitioner Jose Manuel Reyes-Tornero, a state prisoner proceeding with counsel, seeks habeas corpus relief under 28 U.S.C. § 2254.  After petitioner was convicted of attempted murder, felony assault, and robbery, he petitioned the California Court of Appeal and the California Supreme Court for habeas relief on grounds of ineffective assistance of counsel. (Doc. No. 1 at 2–4.)  Both courts denied his state habeas petitions. (*Id.*)  Upon its filing, the instant federal habeas petition was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 26, 2020, the assigned magistrate judge considered petitioner's claims that his attorney's (1) failure to seek redaction of a police interview and (2) failure to object to the prosecution's closing argument that his pre-arrest silence with the police was indicative of his guilt violated petitioner's right to effective assistance of counsel. (*Id.* at 2–3; Doc. No. 24 at 3–6.)

/////

1

1   Applying the governing standard under the decision in *Strickland v. Washington*, 466 U.S. 668
2   (1984), the magistrate judge found that defense counsel's conduct was objectively reasonable and
3   that petitioner had been afforded the effective assistance of counsel. (Doc. No. 24 at 4–6.) The
4   magistrate judge, therefore, recommended that the pending federal habeas petition be denied on
5   its merits. (*Id.* at 6.) Petitioner filed his objections to those findings and recommendations on
6   May 26, 2020. (Doc. No. 25.) In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B)
7   and Local Rule 304, this court has conducted a *de novo* review of this case and finds the pending
8   findings and recommendations to be supported by the record and proper analysis.

9   Petitioner's objections fail to meaningfully address the reasoning set forth in the findings
10  and recommendations. (*See* Doc. No. 25 at 2–5.) In addition, the facts in the two cases cited by
11  petitioner in support of his objections—*Wiggins v. Smith*, 539 U.S. 510 (2003), and *Harrington v.*
12  *Richter*, 562 U.S. 86 (2011)—are not analogous to the facts in his case. (*See id.* at 2–3.)
13  Accordingly, the court finds petitioner's objections to be unavailing.

14  Petitioner alternatively requests a certificate of appealability should his habeas petition be
15  denied. (Doc. No. 24 at 5.) A prisoner seeking a writ of habeas corpus has no absolute
16  entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under
17  limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336
18  (2003). Issuing a certificate of appealability is appropriate when "the applicant has made a
19  substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial
20  showing exists when petitioner establishes that "reasonable jurists could debate whether (or, for
21  that matter, agree that) the petition should have been resolved in a different manner or that the
22  issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*
23  *McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In
24  the present case, the court concludes that petitioner has not made such substantial showing to
25  justify the issuance of a certificate of appealability. The court therefore declines to issue a
26  certificate of appealability.
27  /////
28  /////

Accordingly:

1. The May 26, 2020 findings and recommendations (Doc. No. 24) are ADOPTED IN FULL;
2. The petition is DENIED;
3. Petitioner's request for the issuance of a certificate of appealability is DENIED; and
4. The Clerk of Court is FURTHER DIRECTED to assign a district judge to this matter for the purposes of closure and then to close this case.

IT IS SO ORDERED.

Dated: **August 21, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE